### C. A. Curtis v. The State.

*No. 7811. Decided June 1.*

1. **Swindling—Indictment.**—To be sufficient, an indictment for obtaining goods by swindling must allege that the owner of the property was induced to part with the title and possession of his property by means of the false pretenses or fraudulent representations. The indictment should allege all the material facts to be proved, and not leave them to inference and argument. It must be clear that it was by means of the pretenses averred in the indictment that the goods were obtained, and that by reason thereof the party was induced to part with the property.

2. **Same.**—See an indictment held wholly insufficient to charge the offense of swindling.

Appeal from the District Court of Nolan. Tried below before Hon. William Kennedy.

The indictment in this case purported to charge the appellant herein with swindling, and at his trial under the same he was convicted, and his punishment assessed at two years in the penitentiary.

In view of the disposition made of this case on appeal, it is unnecessary to state the facts adduced in evidence on the trial.

*J. F. Eidson,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

SIMKINS, Judge.—Appellant was indicted for the offense of swindling G. W. Hawkins out of a mule of the value of $110, by means of false pretenses. He was convicted, and his punishment assessed at two years in

the penitentiary. Motions for new trial and in arrest of judgment were overruled, and defendant appealed.

There is only one question that need be considered, and that is the sufficiency of the indictment. The indictment alleges that defendant, by means of false pretenses, knowingly and fraudulently made by him to G. W. Hawkins, did induce said Hawkins to deliver to defendant, and defendant did acquire from Hawkins, a certain mule, of the value of $110, with intent to appropriate the same to his (defendant's) use, in this, to-wit: That defendant did faslely pretend and represent to said Hawkins that he (defendant) had sold to J. M. Porter his land and improvements on Fish Creek for $250, which would be due November 15, 1891, when in truth defendant had sold no land and improvements on Fish Creek to J. M. Porter, and J. M. Porter did not owe defendant $250, due November 15, 1891, and defendant knew said representations were false when he made them.

We are of opinion that the motion in arrest of judgment should have been sustained. It does not appear from said indictment whether the said Hawkins was induced to part with the possession only, or the possession and title also—whether it was theft or swindling. Pitts' Case, 5 Texas Ct. App., 122. It is not alleged that any contract was made, nor that the said Hawkins was to be paid out of the said sum of $250, which was to become due November 15, 1891, nor that he was to be paid at all, except by inference.

The indictment should allege all the material facts necessary to be proved to convict the defendant, and not leave them to inference and argument. White's Case, 3 Texas Ct. App., 608; Lutton's Case, 14 Texas Ct. App., 523. It must be clear that it was by means of the pretenses averred in the indictment that the property was obtained. Whart. Crim. Law., sec. 2128. In Johnson's Case, 11 Indiana, 481, the court say: "The pretense alleged is that Johnson presented to Nicholson some of Hamer's checks, calling for $17, and represented they were good and of such value, and by means of such pretenses obtained a set of harness; but it is nowhere alleged that the checks were delivered to Nicholson, or were received by him in payment of the harness." So, also, in the Philbricks Case, 31 Maine, 401, it was held that an indictment for obtaining goods on false pretenses is defective, unless it sets forth the sale or exchange, and that by reason thereof the party was induced to part with his property. White's Case, 3 Texas Ct. App., 608. Tested by these requirements, we think the indictment fatally defective. The judgment is therefore reversed, and the cause dismissed.

*Reversed and dismissed.*

Judges all present and concurring.