## MARY WOODROE v. THE STATE.

No. 3224.   Decided June 20, 1906.

**1.—Carrying Pistol—Former Acquittal.**

On a trial for unlawfully carrying a pistol a plea of former acquittal setting up the facts that defendant had previously been acquitted of an assault with intent to murder which was the very occasion when defendant had the pistol. Held, this was no bar to the prosecution.

**2.—Same—Bill of Exceptions—Challenge for Cause.**

Where upon appeal the bill of exceptions taken to the empaneling of certain jurors did not show that appellant proposed to prove that either of the jurors was a member of a former jury, or what particular facts were proposed to be proved, the same could not be considered.

**3.—Same—Jury and Jury Law.**

Where appellant did not show that any of the objectional jurors sat upon the jury or what became of them, there was no error.

**4.—Same—Leading Question.**

Where the same evidence was introduced by a number of witnesses and defendant herself, there was no error that such testimony was also elicited in answer to a leading question.

**5.—Self-Defense—Special Charges.**

Where upon trial for unlawfully carrying a pistol the evidence showed that defendant after having shot prosecutor at her home, she pursued him some two hundred or five hundred yards along a public road and off her premises, and only desisted from her pursuit when others interfered, she could not claim that she was carrying a pistol in self-defense; and there was no error in refusing special charges to this effect.

**6.—Res Gestae—Evidence.**

Where upon trial for unlawfully carrying a pistol the evidence showed the taking of a certain watch at the time of the shooting by defendant and another, and that this was a part of the res gestæ there was no error.

Appeal from the County Court of Rockwall.   Tried below before the Hon. J. H. Chisholm.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $25.

The opinion states the case.

*H. M. Wade,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and her punishment assessed at a fine of $25; hence this appeal.

Appellant claims that the court committed error in striking out her plea of former acquittal. Such plea of former acquittal set up the fact that appellant had previously been acquitted of an assault with intent to murder, and that was the very occasion when she had the pistol for which she is now being tried. That was no bar to this prosecution.

By the first bill of exceptions she questioned the action of the court in empaneling the jury and in refusing to permit her to question the jury whether they knew anything about the facts of the case wherein defendant was tried and acquitted of an assault with intent to murder Will Cain. Appellant does not say that she proposed to prove that either of the jurors was a member of the former jury, or what particular fact she proposed to prove. We do not believe there is anything in this matter.

On the trial appellant proposed to ask the jury the following question: "Would you give the same credence to colored witnesses that you would to white witnesses when they testify with the same degree of intelligence and with the same degree of apparent credibility and who have the same opportunity to know the facts." Several jurors answered they would not. To which counsel for the State objected for the following reasons: Because it is upon the credibility of the witnesses, and not the subject of inquiry here, and the court sustained said objections. Appellant does not show that any of the jurors who answered the question in the negative sat upon the jury or what became of them. There was no error in this.

When the witness Al Bray was on the stand, the State asked him, if when appellant was seen with the pistol, she was not about a hundred yards from the entrance to the place where the negro lived, and in the public road, and did not run a wounded negro with a big gun in her hand? To which he answered yes. This was objected to, because it was leading and prejudicial to appellant's rights before the jury. We understand this same evidence to have been proved by a number of witnesses; that it was a conceded fact testified to by appellant herself. Consequently there was no error in this.

Appellant excepted to a number of charges given by the court, but asked several charges which were refused. The proposition announced by appellant is to the effect that at the time she carried the pistol she was acting in self-defense, and ought not to be convicted. A party may act in self-defense in a difficulty, and at the same time violate the law against carrying a pistol. It may be that appellant lawfully had the pistol and acted in her self-defense at the house, and she may have been properly acquitted for that offense. But the testimony here shows without controversy that after she shot prosecutor in the assault with intent to murder case, which was at her home, she pursued him some eighty yards from her house to the public road, and thence at least two hundred yards along the public road, and off her premises, and she only desisted from the pursuit when she met Brady and his wife in the road,

and they interfered and she stopped. It occurs to us that it would be a travesty upon self-defense to authorize such a pursuit with a pistol as is here shown. She had already shot Will Cain at her house. He dropped his pistol, according to her account, and fled from her premises. She pursued him until he got off her premises, and then still pursued him some two hundred yards: she says five hundred yards. And according to the testimony there was no occasion for this pursuit at all. It could not have been in self-defense. The court did not err as to this matter in the conduct of the trial, in instructing the jury as he did and in refusing the requested instructions of appellant on this subject.

We do not believe there was any error in the action of the court permitting the testimony in regard to the watch. According to the evidence the taking of this watch by Addison Daniel was in conjunction with appellant, and at the time she shot Will Cain, and this was a part of the res gestæ of the shooting of Will Cain, which evidence was introduced by appellant.

We do not believe there is any reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.