### JACK BINK v. THE STATE.

#### No. 3612. Decided November 28, 1906.

**1.—Theft—Change of Venue—Bills of Exception—Twenty-Day Order—Statutes Construed.**

Upon a trial for theft, on motion for change of venue, where the defendant had not filed his bills of exception to the action of the court overruling his motion for change of venue during the term of court as required by article 621, Code Criminal Procedure, the same could not be considered on appeal, notwithstanding there was a twenty day order permitting statement of facts and bills of exception to be filed after adjournment of court; and the Act of the Twenty-Ninth Legislature relating to statement of facts and bills of exception embodied in stenographic report is controlled by article 621, supra, as to the rule relating to the overruling of motions to change venue.

**2.—Indictment—Constitutional Requirement.**

In an indictment containing two counts, one for theft and one for swindling, there was no error in overruling a motion to quash on the ground that the indict-

ment failed to separate the charge of theft from the charge of swindling by distinct counts because the first count did not conclude against the peace and dignity of the State; as this requirement was observed in the concluding part of the indictment.

### 3.—Same—Motion to Elect—General Verdict—Same Transaction.

In a prosecution upon an indictment containing two counts, one for swindling, and one for theft, there was no error in refusing to require the State to elect upon which count it would prosecute the case, as both counts charge the same transaction.

### 4.—Same—Charge of Court—Reasonable Doubt.

Upon a trial for theft, where the evidence showed that the acts and declarations of the codefendant were a part of the transaction when both parties were present, there was no necessity of charging on reasonable doubt whether these declarations were made in the absence of defendant.

### 5.—Same—Difference Between the Offense of Theft and Swindling.

Where upon trial for theft the evidence without controversy showed that the fee in the property alleged to have been stolen was acquired by defendant by means of a false pretext, and not the mere possession of the property, the offense was swindling and not theft, and defendant could not be convicted of theft. It is only in such cases where the facts show that it is a swindle and does not come within the meaning of theft, that a prosecution for swindling can be maintained. following: Witherspoon v. State, 37 S. W. Rep., 433; Hirshfield v. State, 11 Texas Crim. App., 207. Overruling Sims v. State, 21 Texas Crim. App., 649.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of theft of property over the value of $50; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of property from M. S. Holder, over the value of $50, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant made a motion for a change of venue based on both phases of the statute, to wit: that there was so great a prejudice in the county as that he could not get a fair and impartial trial, and that there existed in the county a formidable combination of influential citizens, etc. This was contested by the State and a good deal of evidence adduced pro and con on the subject. However, the bill of exceptions embodying the evidence adduced on the question, was filed after the adjournment of the term of the court (though within the twenty days allowed after the term in which to file statement of facts and bill of exceptions). The term adjourned on May 26, 1906, and this bill of exceptions was filed on June 12, which was after the adjournment of the term. The Assistant Attorney-General objects to the consideration of the same as a bill of exceptions to the action of the court overruling the motion for change of venue on the ground that the same was not filed during the term as required by our

statute and decisions on the subject. In accordance with our construction of the statute, the contention of the State is correct. Cortez v. State, 4 Texas Ct. Rep., 1; Wallace v. State, 46 Texas Crim. Rep., 341; Lax v. State, 46 Texas Crim. Rep., 628, and authorities there cited. In Cortez v. State, supra, the bill of exceptions embracing the evidence heard on the motion for change of venue was filed in connection with the statement of facts, which, under the order of the court, was filed after the term. It was held in that case, following the authorities, article 621, Code Criminal Procedure, controlled the bill of exceptions relating to a change of venue, and this required that the bill of exceptions embodying the statement of facts to the action of the court overruling the motion for change of venue, according to the terms of the statute, should be prepared, signed, approved and filed at the term of the court at which said order was made. It was held in Lax v. State and Wallace v. State, supra, that the subsequent act allowing twenty days within which to file bill of exceptions as well as the statement of facts, did not change the rule with reference to a bill of exceptions taken to the refusal of the court to change the venue, made under article 621 relating to that subject. However, a new question presents itself here, inasmuch as since the decision of the two cases above referred to, the Twenty-Ninth Legislature (Gen. Laws, p. 219) passed the stenographer's act relating to statement of facts and bills of exception. That statute has been construed in Mundine v. State, as well as the Taft and Baker cases, decided at the present term; and it was there held, in order for an appellant to take advantage of a stenographer's report as a statement of facts, he must comply with the rule relating to the filing of statement of facts, and file such stenographic report of the evidence within twenty days, if such order be granted by the court. No question was raised in those decisions with regard to a statement of facts involving a bill of exceptions to the refusal of the court to change the venue. We now hold that there is nothing in said stenographer's act that militates against the view heretofore taken by this court in the construction placed on article 621, Code Criminal Procedure, requiring a bill of exceptions relating to the overruling of a motion to change the venue. Section 5 of said act provides, "in case an appeal is taken from the judgment rendered in said case, said original stenographer's transcript shall be sent up as the record of said cause, as the report of the testimony therein," etc. While this stenographer's report may be adopted and embraced in a bill of exceptions, it is placed on the same basis as any other statement of facts embodied in said bill of exceptions, and the rule regulating the same, according to article 621, is not changed by said stenographer's act, but is controlled by article 621. That is, the facts upon which the action of the court with reference to such motion is based, must be presented in a bill of exceptions prepared, signed, approved and filed at the term of the court in which such order was made. There being no sufficient bill of exceptions relating to the

action of the court overruling the motion for change of venue, the same cannot be considered. However, inasmuch as this case must be reversed on another proposition, if the same facts are presented on another trial, we suggest that the venue be changed.

This is the second appeal of this case (Bink v. State, 14 Texas Ct. Rep., 1011), and is a companion case to that of Davenport, alias Dampers, v. State, 14 Texas Ct. Rep., 263, where the facts are detailed.

Appellant made a motion to quash the indictment on the ground that the same was in two counts and failed to separate the charge of theft from the charge of swindling by distinct counts; because the count attempting to charge theft, does not conclude "against the peace and dignity of the State," and because the representations alleged to have been made are not such as would induce any ordinary person to part with his property. We do not believe that any of these objections are well taken. It is not necessary that the first count should have concluded against the peace and dignity of the State. The last count, which concluded the indictment had such conclusion, and this was sufficient.

Appellant presented a motion to require the State to elect on which count it would prosecute the case. This the court declined to do and submitted both counts to the jury, and they returned a general verdict; and the court applied the verdict to the first count for theft. In this there was no error. Both counts charged the same transaction, and the State was not required to elect. Moore v. State, 37 Texas Crim. Rep., 552; Keeler v. State, 15 Texas Crim. App., 111; Wellhausen v. State, 30 Texas Crim. App., 623; Shuman v. State, 34 Texas Crim. Rep., 69.

We further hold that it was not necessary for the court to specifically instruct the jury with reference to the matter of reasonable doubt in weighing the declarations of Davenport, alias Dampers, alleged to have been made in the absence of appellant. As we recall the evidence all of the acts and declarations of Dampers, which were introduced in evidence, were a part of the transaction when both parties were present.

The material question is whether this conviction can be sustained for theft. Appellant contends that it cannot; that if he is guilty of any offense it is swindling, and not theft, inasmuch as the evidence without controversy shows that the fee in the property was acquired by him by means of a false pretext, and not the mere possession of the property. We understand our decisions on this point to hold, that the acquisition of the title to the property, that is, the fee in the property, if it is acquired by means of the false pretext, it is swindling; whereas if the mere possession of the property is parted with, by means of the false pretext, it is theft. Articles 861, 674, Penal Code; State v. Vickery, 19 Texas, 326; May v. State, 15 Texas Crim. App., 430; Sims v. State, 28 Texas Crim. App., 447; Price v. State, 14 Texas Ct. Rep., 876; Curtis v. State, 31 Texas Crim. Rep., 39;

Johnson v. State, 46 Texas Crim. Rep., 415. Article 947, Penal Code, provides: where money, etc., or other articles of value, are obtained in such manner as to come within the meaning of theft, or some other offense known to the law, the rules herein prescribed with regard to swindling shall not be understood to take any such case out of the operation of the law which defines any such other offense. This article has been construed to mean that where the facts show a theft and not a swindle the prosecution must be for the theft. And it is only in such cases where the facts show that it is a swindle, and does not come within the meaning of theft, that a prosecution for swindling can be maintained. Witherspoon v. State, 37 S. W. Rep., 433; Hirshfield v. State, 11 Texas Crim. App., 207. These cases seem to question or overrule Sims v. State, 21 Texas Crim. App., 649. Assuming that our decisions state the distinction between theft and swindling and announce a correct rule, was this a case of theft? The evidence shows, without controversy, that appellant and his companion obtained some $76 from the prosecutor, under the false pretense that appellant had his father's corpse on the train, and that they were about to put it off because the express charges had not been paid; and stated that he would have plenty of money when he got to his destination, and that he had a check he could cash at a point further down the road. This check he exhibited and gave prosecutor, who handed him $76, which he agreed to return when they reached Springfield. The money was parted with by prosecutor to appellant, to enable him, as prosecutor believed, to pay the express agent the express charges on the corpse. We believe that this was parting with the title in the particular money and not merely with the possession thereof. The State insists that there is a difference between loaning money and other property; that although the same money is not expected to be returned, that the same amount is to be returned, and this is a mere loan of the article and is not parting with the fee or title in the particular money. On this subject we are referred to Porter v. State, 23 Texas Crim. App., 295; Randle v. State, 70 S. W. Rep., 958; Flynn v. State, 83 S. W. Rep., 206. We do not believe any of these cases support the State's contention. It will be seen in the Porter case, the court recognized the distinction in the charge. The charge submitted to the jury, if the parties represented to Toland, prosecutor, that they desired his money for a temporary use, in the game in which they were then engaged, etc., and that they would return the same money they might receive from him when said game was ended, etc., that it would be theft. So in Randall's case, appellant represented that he would return the same money at the end of the game. Flynn's case shows that prosecutor parted not with the title in the money but with the possession thereof, for the purpose of getting it changed. The excess over his purchase was to be returned. And so in this case, merely the possession was parted with for the purpose of getting the money changed. The theft con-

Vol. 50 Crim.—29.

sisted in what is termed in that case "short changing." None of these cases support the State's insistence, and none of them overrule the decisions of this court or make any distinction between money and any other character of property. Of course, if the money itself, which is acquired, is to be returned, it would be a case where the possession of the specific property merely was parted with and would constitute theft. But, if as in this case, where prosecutor parted with his money not expecting to get that money back again, but believing as far as he was concerned that it would be appropriated by appellant to pay express agent, the express charges for carrying the corpse, he expected appellant to repay him for the money loaned. That is, to pay him in some other money, and he gave him a check, as appellant believed, in order to assure him that he would repay the money. This case comes clearly within the line of cases holding that this was a swindle and not a theft. If said cases are to be upheld, and not overruled, there is no alternative but to reverse this case.

Because in our opinion this was a case of swindling and not of theft, the judgment is reversed and the cause remanded.

*Reversed and remanded.*