## JIM HUTCHINS v. THE STATE.

### No. 3396. Decided April 10, 1907.

**Carrying Pistol—Place of Business—Casual Employment.**

Where upon trial for unlawfully carrying a pistol the evidence showed casual employment of defendant at the saloon where he was arrested for carrying a pistol a few moments after reaching it, and that he had been seen at another saloon a few moments before, the court's charge that if the defendant carried the pistol only at his place of business and did not carry it at any other place, was sufficient, and a requested charge upon the same subject and on the weight of the evidence was correctly refused.

Appeal from the County Court of Bell. Tried below before the Hon. W. R. Butler.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief for appellant, on file.

*F. J. McCord,* Assistant Attorney-General, for the State.—In order to relieve the appellant, under the law, he must bring himself clearly within the exceptions of the statute. See Skeen v. State, 34 Texas Crim. Rep., 308; Chambers v. State, 34 Texas Crim.. Rep., 293; Owens v. State, 34 S. W. Rep., 614, and Brannon v. State, 23 Texas Crim. App., 428.

BROOKS, JUDGE.—Appellant was convicted for carrying a pistol, and his punishment assessed at a fine of $100 and thirty days confinement in the county jail.

Appellant's defense, in this case, was that he was working for one Ferguson at the time he was found in possession of the pistol. The court gave the jury the following charge as applicable to this phase of the case: "You are instructed that it is no violation of the law for a person to carry a pistol at his place of business. And if you believe from the evidence that defendant carried the pistol only at his place of business and did not carry it at any place other than his place of business, you will acquit him." Appellant asked the court to give the jury the following charge: "You are further charged that if you believe that defendant worked at all times at Ferguson's saloon, when he could get time from other business, and had his clothes there, or a part of them, and that that place was his headquarters, and that he worked there almost every day waiting on customers, then that would be his place of business." This charge was properly refused since same was upon the weight of the evidence, and furthermore the evidence does not authorize the conclusion stated in said charge. The evidence before us shows appellant's casual employment at Ferguson's saloon; that appellant was seen at another saloon a few moments before he was arrested with the pistol at Ferguson's saloon; he had left another saloon and went immediately to the Ferguson saloon, and a few moments after reaching said last place he was arrested with the pistol. The evidence, therefore, suggests very clearly that he had the pistol before he got to the Ferguson saloon. We think the charge of the court above quoted presents the law applicable to the evidence in this case. It follows, therefore, the court did not err in refusing to give the special charge. Appellant's sole insistence, in addition to the above, in motion for a new trial, is that the evidence is insufficient to authorize the verdict. We think the evidence amply warranted the verdict, and the judgment is affirmed.

*Affirmed.*