### Henry Coprew v. The State.

#### No. 4937. Decided March 13, 1918.

**Burglary—Continuance—Principal—Evidence.**

Where defendant's application for continuance was on the ground of the absence of his co-principal and that he could prove by him that the latter committed the burglary, but the facts showed that the two were acting together as principals, it would not relieve the defendant, and there was no error in overruling the motion for continuance; besides, the diligence was hardly sufficient.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*John White,* for appellant.—Cited Cameron v. State, 57 Texas Crim. Rep., 316; Presley v. State, 60 id., 102; Valigura v. State, 68 Texas Crim. Rep., 12, 150 S. W. Rep., 778.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary of a saloon, his punishment being assessed at four years confinement in the penitentiary.

There was a lot of whisky taken at the time of the brand of Hill & Hill and Blue Ribbon. Appellant moved for a continuance on account of the absence of Corry Tippie. The indictment was returned in September, the case tried in November, and process was asked for five or six days prior to the trial. If Tippie would testify as indicated in the application, it was thoroughly known to appellant from the time of the burglary under the showing made by the application itself as well as by the evidence. The diligence is hardly sufficient, but an important

question justifying the court in refusing the continuance is found in the fact that Tippie is alleged in the continuance itself to have entered the burglarized house and committed the theft, and that he would so testify on the trial if present. Whether he would so testify or not would be of no importance to defendant. His absence from Dallas County, as alleged in the application, at the time and under the circumstances would tend to indicate that he was avoiding criminal prosecution. But viewing the action of the court in the light of the evidence in the record from the standpoint of the motion for new trial, we are of opinion the court did not commit error. The facts may be considered, in the main, circumstantial in their nature, yet there is a confession or a statement of appellant as to where the stolen goods could be found, and in pursuance to his statement they were found at the place indicated. He at first denied any knowledge of the matter and indicated a place where they could be but were not found. In a subsequent statement he seems to have told the truth about where the goods were; at least they were found where he informed the officers they had been secreted. The evidence is uncontroverted that the saloon was burglarized and whisky taken in considerable quantity; that appellant and Corry Tippie were acting together, and that appellant employed a chauffeur with a machine to transport the goods from where they were taken, or in front of the saloon from which they were taken, to a certain designated point in the City of Dallas. Tippie and appellant were acting together, and appellant paid the fee for the transportation of the goods, and then a further fee for carrying the goods from the place where they were deposited to his, appellant's, home, amounting to two dollars. Had Tippie been present and testified that he entered the saloon and stole the whisky under all the circumstances of this case it would not relieve appellant, because he was acting with him at the time in such manner as to authorize a conviction as principal. We are of opinion, therefore, that the refusal of the continuance does not show error. This seems to be the main contention. The evidence is unquestionably sufficient to support the conviction, and appellant seems to have had a fair trial so far as this record shows.

The judgment will be affirmed.

*Affirmed.*