## J. S. PAYNE v. THE STATE.

### No. 5095.   Decided June 26, 1918.

**1.—Carrying a Pistol—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence, there was no error in overruling the same, in the absence of affidavit to the motion for new trial by the absent witness.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction under a proper charge of the court there was no reversible error. Following Mayfield v. State, 75 Texas Crim. Rep., 104, and other cases.

**3.—Same—Requested Charges—Bills of Exception.**

Where the bills of exception to the refusal of the court to give requested charges did not show that they were presented to or acted upon by the court before the charge was read to the jury, they can not be considered; besides, the requested charges did not present the law applicable to the case.

Appeal from the County Court of Hardin.   Tried below before the Hon. W. S. Parker.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of unlawfully carrying a pistol on or about his person.

He made a motion for a continuance because of the absence of four witnesses, one of whom was his wife.   The prosecution against him was on an indictment by the grand jury.   He was arrested on February 13th.   The term of court at which he was tried convened February 18th. He was tried on February 28th.   He had no process issued for his absent witnesses until February 25th, less than three days before he was to be tried.   None of these witnesses were subpoenaed except perhaps his wife.   He was convicted on February 28th.   His motion for new trial was not heard until April 12th following.   He in no way produced the affidavit of any of his absent witnesses to the effect that they would testify what he claimed they would.   Under the circumstances, no diligence was shown to procure his witnesses, hence the court correctly overruled his motion for a continuance.   The testimony of his wife, even if she would have sworn what he claimed she would, had no bearing on whether or not he carried a pistol on his person on the occasion charged.

The uncontradicted proof, and also the testimony by appellant himself, showed that on the night of January 19, 1918, he armed himself

with a pistol, having it concealed in his pocket, and took his wife to a dance. The distance from his residence to the dance hall is not given, but it must have been some distance. While in the dance hall he suddenly drew his pistol from his pocket and shot out several of the lights of the dance hall. After he had been at the dance hall for some time with his pistol he and his wife took one of the young lady attendants of the dance some hundred yards to her residence, returned to the dance hall and began dancing again. The evidence does not make it certain whether he shot out the lights before he took the young lady home or afterwards, probably afterwards. The shooting out of the lights by him broke up the dance. He then took his wife home from the dance and returned to the dance hall. The testimony makes it certain that he carried his pistol from the time before he first went to the dance until he finally returned home with his wife.

He claimed that he was carrying his pistol on this occasion to protect himself because about dark that night he had been told by different parties that some threats against him had been overheard and that he carried his pistol to protect himself.

The court in a correct charge in accordance with the statute instructed the jury that if at the time he carried his pistol he had reasonable ground for fearing an unlawful attack upon his person, and the danger was so imminent and threatening as not to admit of the arrest of the person about to make such an attack upon legal process, to acquit him. In another paragraph he instructed the jury that if appellant believed at the time he carried the pistol he or his family were in danger of serious bodily injury, then he had the right to carry the pistol and in the event they so believed to acquit him provided he had not had sufficient time to have the party arrested about to make such unlawful attack if they were known to him. No objection was made to the charge at all. Hutchins v. State, 51 Texas Crim. Rep., 339; James v. State, id., 633; Mayfield v. State, 75 Texas Crim. Rep., 104; Woodroe v. State, 50 Texas Crim. Rep., 213.

Appellant has three bills to the refusal of the court to give three separate charges requested by him. Neither of the bills show that they were presented to, or acted upon, by the court, before he charged the jury or before the argument began or before the jury retired. Each of them are wholly insufficient on this account. But if the bills had shown they had been presented at the proper time as required by the statute and the decisions, then neither of them should have been given. One of them undertook to tell the jury that he had a right to carry a pistol on premises of his own or over which he had control. This was based on his testimony that the dance hall belonged to his employer and that he had charge and control thereof. This charge was inapplicable because the unquestioned proof, as stated, shows that he not only carried the pistol while he was in the dance hall and shot out the lights, but that he carried it back and forth with him from his home to the dance hall and after he had reached the dance hall he took a young

lady to her home some hundreds of yards away from the dance hall and that he had the pistol with him all this time.

Another one of his charges attempted to instruct the jury to disregard any of the evidence of his rudely displaying a pistol in the dance hall. While he was not charged with rudely displaying a pistol, the evidence of his shooting out the lights was a part of the res gestae of his carrying his pistol and hence that charge was inapplicable. The other charge was as to his right to carry the pistol in the dance hall to keep peace and protect his family because the dance hall was under his control and management as the agent of his employer.

The judgment is affirmed.

*Affirmed.*