D. B. Kraft v. The State.

No. 5554.   Decided January 14, 1920.

Rehearing denied February 11, 1920.

1.—Swindling—Insufficiency of the Evidence—Variance—Check.

Where, upon trial of swindling, the evidence did not show that the defendant received the money which the pleading charges him with receiving, and the check introduced in evidence was at variance with the one alleged in the information, the conviction could not be sustained. Following: Rudy v. State, 81 Texas Crim. Rep., 272, and other cases.

2.—Same—Rehearing—Written Instrument—Rule Stated—Pleading.

Where the swindle is perpetrated by means of a written instrument as in the instant case, and not by the reception of money, the instrument must be set out *in haec verba,* if it can be obtained and if not then some reason must be given, and where this was not done and there is a variance between the allegation and the proof, the conviction could not be sustained. Following: Lieske v. State, 60 Texas Crim. Rep., 276, and other cases, and this although the motion for rehearing was filed too late.

Appeal from the County Court of Travis.   Tried below before the Hon. D. J. Pickle, judge.

Appeal from a conviction of swindling; penalty, a fine of five dollars and one day confinement in the county jail.

The opinion states the case.

*Henry Faulk* and *Monroe & Patterson,* for appellant.—On question of variance of check: Mathews v. State, 33 Texas, 102; Pilgrim, v. State, 68 Texas Crim. Rep., 175, 150 S. W. Rep., 1170; Robinson v. State, 53 Texas Crim. Rep., 563, and cases cited in the opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was convicted of swindling B. C. Haehnel out of $7, by falsely representing himself as agent of a certain newspaper establishment, the averments so far as is necessary to quote being as follows: "did induce said B. C. Haehnel to pay to the said D. B. Kraft, and the said D. B. Kraft did then and there by the means aforesaid acquire from the said B. C. Haehnel the sum of $7, as evidenced by a certain check of the said B. C. Haehnel which the said D. B. Kraft later cashed and obtained thereon the sum of $7, current money of the United States of the value of $7, the same being the personal and moveable property of the said B. C. Haehnel."

The evidence shows that the appellant received from B. C. Haehnel in consideration for a year's subscription to the newspaper a check for $7, which check was signed Mrs. B. Haehnel per B. C. Haehnel. B. Haehnel had no money in the bank, but had authority to sign his mother's name, the money against which the check was drawn belonging to her. The proof fails to show that appellant collected the check or obtained any money in the transaction, and further shows that B. C. Haehnel received the newspaper according to contract. It also appears that the appellant had been in the employ of the newspaper named, but that on the day immediately preceding the transaction his relation with it had terminated.

We are of the opinion that the proof is not sufficient to support the conviction for the reason that it does not prove that the appellant received the money which the pleading charges him with receiving. We are also of the opinion that there was error in admitting in evidence the check. As stated in the information, the check entered into the offense in a manner requiring that proof of it agree with the allegation. The check introduced in evidence was not the check described in the information. Johnson v. State, 57 Texas Crim. Rep., 347; Wilson v. State, 80 Texas Crim. Rep., 622; Rudy v. State, 81 Texas Crim. Rep., 272, for additional citation of cases.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

February 11, 1919.

DAVIDSON, PRESIDING JUDGE.—This is a motion for rehearing by the State alleging error in the reversal of the judgment, which occurred on a former day of this term. The motion for rehearing is filed too late under the rules, more than fifteen days having elapsed after the rendition of the opinion. In view of the contention in the motion for rehearing that the court erroneously declared the law

applicable to the case, it is thought advisable, however, to review the record. This view is enhanced, in the mind of the writer, by reason of the fact that a wrong opinion should not pass into the jurisprudence of our State. The law should be correctly decided.

Without definitely reviewing the contention of the State that the evidence is sufficient to support the conviction, suffice it to state we are still of opinion that the evidence does not support the conviction. While there are circumstances indicating that appellant may have collected the seven dollars mentioned in the complaint and information, yet it is not clear. Upon another trial this matter should be made to appear definitely. The record shows this can be done. Viewed in another light, the evidence is clearly insufficient in that it does not support the charges made in the pleading. If it be conceded that appellant collected the seven dollars mentioned, still the evidence does not sustain the pleading, there is a distinct variance. As stated in the original opinion, it was averred in the complaint that appellant induced B. C. Haehnel to pay him, appellant, and that by the means aforesaid he did acquire from Haehnel the sum of seven dollars as evidenced by a check of said B. C. Haehnel, which appellant later cashed and obtained thereon the sum of seven dollars, current money of the United States, and that same was the personal and movable property of said B. C. Haehnel. These allegations are correctly set out in quotation in the original opinion. The evidence discloses that appellant had been representing the Austin American, a newspaper, in distributing it among subscribers, and had been collecting money by the month from these subscribers, and that on this occasion when he sought to collect from Haehnel payment for the paper for the month he informed Haehnel that the price of the paper had been raised, and that it would be seven dollars a year for subscription. Haehnel thereupon wrote a check, which is set out in the statement of facts, not in the complaint and information. The check in question was dated December 9, 1918. Among other things, it reads as follows:

"Pay to the order of American ————————— $7.00
Seven ——————— No/100 Dollars.
To The Austin National Bank,)        Mrs. B. Haehnel.
            Austin, Texas.        )        Per B. C. Haehnel."

The complaint and information charged that this money was the property of B. C. Haehnel, not Mrs. Haehnel. It alleges that appellant represented himself as the agent and collector of the Austin American, and had a right to collect said check of seven dollars, and that he did thereby acquire from Haehnel for the Austin American this money, and that he had no right so to do. An inspection of this check does not support the allegation set forth in the complaint and information. It does not show upon its face that it was for the payment of a subscription to the "Austin American," but if it represents anything with reference to this

matter it was to pay to the order of the "American." So the evidence from any standpoint does not correspond with the allegations in the complaint that the check was given for a subscription to the "Austin American," or that it was the personal property of B. C. Haehnel. The facts show it was the property of Mrs. Haehnel. B. C. Haehnel. signed the check as the agent of his mother, as he testifies, using her name, and he testified he had the authority so to do, but it was not his property. This is so clearly at variance, it occurs to the writer, that it would hardly be the subject of discussion. There are quite a number of decisions, some of which are cited in the original opinion, to the effect that where the swindle was perpetrated by means of an instrument, as in this case, and not by the reception of money, the instrument must be set out *in haec verba* if it can be obtained, and if not, then some reasons given why it was not. This question came for revision in Wilson v. State, 80 Texas Crim. Rep., 622; Rudy v. State, 81 Texas Crim. Rep., 272; Johnson v. State, 57 Texas Crim. Rep., 347. These opinions review this question quite elaborately and correctly. This was not only not done as required under the law, but in undertaking to set out and describe the matter of the alleged swindling it fails to make those allegations even correspond with the actual transaction, or conform to the check upon which the alleged swindling was based. In the respects mentioned especially there is a variance between the allegation in the complaint and the testimony offered in support of it. We have not undertaken to review the testimony in detail, but have said enough to show that the case as alleged and that proved are at variance with each other. We might also cite in this connection the case of Lieske v. State, 60 Texas Crim. Rep., 276.

The motion for rehearing has been reviewed, although filed too late, but believing the grounds to be insufficient to justify this court in changing or modifying the views already expressed in the original opinion, the motion will be overruled.

*Overruled.*