WESLEY McCALL v. THE STATE.

No. 19764.    Delivered May 25, 1938.
Rehearing denied June 22, 1938.

The opinion states the case.

*R. E. Eubank,* of Paris, and *C. A. Holloway,* of Clarksville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of an assault to murder, and sentenced to a term of four years in the penitentiary.

He complains herein in his bill of exceptions No. 1 on account of the fact that upon the calling of his case for trial, upon his failure to appear, the sheriff was sent by the court to appellant's house, about ten miles from the court house, and such sheriff took the appellant out of bed and brought him to court, and he was placed upon his trial.

There seems to have been no statement from any physician exhibited showing the illness of appellant, and no proof offered relative thereto. No untoward results seemed to have followed from his being brought into court by the sheriff, and we can see no error in the trial court's action herein.

Bill of exceptions No. 2 complains of the trial court's over-ruling his first application for a continuance in order that he might obtain the attendance of two witnesses who were expected to be used for the purpose of showing "That the defendant was intoxicated at the time offense occurred, or partially so, and that he did not commit the offense as alleged in the indictment with malice aforethought; that he acted in self-defense."

That the appellant used due diligence to obtain such witnesses is alleged but not otherwise shown. He was indicted on September 8, 1937, and subpoenas issued for such witnesses on November 6, 1937, and trial had on November 8, 1937. We judge that no further process was asked for said witnesses on account of the fact that the trial court says in its qualification to said bill "that no effort was shown to have been made to secure the attendance of said witnesses." The motion is also incomplete in that it is not explicit in showing what testimony would be given by such witnesses in order to show lack of malice or proof of self-defense. Drunkenness, or partial drunkenness, is no defense to the charge set forth in this indictment. It is only when the recent use of ardent spirits has produced a temporary insanity that proof of such can be used by the jury, if they so desire, in amelioration of the penalty; but such use must reach the grade of temporary insanity. There is no such allegation found in this motion for a continuance. The trial court did not err in overruling same.

Bill of exceptions No. 3 complains of the court refusing to allow the prosecuting witness to answer the following question: "Can you tell the jury what his object was in stabbing you? That is, whether he was trying to take your life or not?" This question was not allowed to be answered upon objection thereto by the State. Unquestionably this was a matter which the jury was called upon to pass, and we see no reason why witness himself should be called upon to answer what the object or motive of the appellant was in cutting such witness with a knife.

In appellant's bill of exceptions No. 4 he complains of an attempted identification of the knife with which the prosecuting witness was supposed to have been injured. The objection, it seems to us, goes to the weight rather than to the admissibility of the testimony, the witness answering that the knife exhibited to him looked to him like the knife with which the assault was committed, and we also note the court's qualification, with which we are impressed, that is, that the evidence as a whole showed

that the knife exhibited was the one used in the commission of the offense.

He next complains in his bill of exceptions No. 5 because a witness was not allowed to answer a question relative to who the witness would say was producing whatever trouble was going on outside of the prosecuting witness' store. This was objected to by State's counsel on the ground that it called for a conclusion, and it seems to us that this was a proper objection.

Appellant's bill of exceptions No. 6 objects to the introduction of the knife herein previously referred to and its description before the jury, which bill has the same qualification as bill No. 4, and our ruling is the same.

Appellant next objects in his bill of exceptions No. 7 to a showing by the witness J. N. Geer, the sheriff, of the fact that he had made search for the appellant and was unable to find him until late in the night; that when he did catch him he was running, and ran into a pool and witness caught him. This testimony, it seems to us, to be admissible on the ground of showing that the defendant was attempting to evade arrest at that time.

Bill of exceptions No. 8 is a general bill wherein the appellant complains of the court's refusal to instruct the jury to find a verdict of not guilty, after the State had rested its case. It seems to us the State had made out a proper case at that time, and this motion should have been overruled.

Appellant's bill of exceptions No. 9 is rather difficult to appraise. We gather therefrom that the appellant's attorney desired the court to limit the time for the presentation of this case to the jury among the different attorneys. The court qualifies said bill by saying that each side had all the time they desired to argue the case. Such qualification it seems to us to be an answer to appellant's complaint.

According to the testimony this appellant made an unprovoked attack on Jack Mauldin, and inflicted upon him serious injury, and one from which death might have resulted, and which, according to the physician, death very nearly did result. Under the record as presented to us we find no error therein.

This judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

Krueger, Judge.—Appellant, in his motion for a rehearing, claims that we erred in our original opinion in not sustaining

256

his bill of exception number two complaining of the action of the trial court in overruling his motion for a continuance. We are unable to agree with him. It appears from the record that appellant was indicted by the grand jury on the 18th day of September, 1937. He made no effort to obtain process for and secure the attendance of the absent witness until the 6th day of November, two days prior to his trial. This clearly shows a want of proper diligence on his part. See Childers v. State, 37 Texas Crim. Rep. 392; Coprew v. State, 202 S. W. 81; Payne v. State, 204 S. W. 765; Albertson v. State, 208 S. W. 923; Armstrong v. State, 227 S. W. 485.

All other matters which appellant re-urged in his motion for rehearing as grounds for a reversal were considered by us in the original disposition of this cause. They have been carefully reviewed in the light of the motion, but we see no good reason for receding from our opinion as expressed on original submission.

The motion for rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.