## George Armstrong v. The State.

No. 6092.   Decided January 26, 1921.

**1.—Theft of Hogs—Continuance—Want of Diligence—Other Witnesses.**

Where, the application for continuance showed a want of diligence in applying for process, etc., and a number of witnesses testified on the trial to the facts stated in the application as expected for said absent witnesses, there was no error in overruling the application for continuance.

**2.—Same—Animals on Range—Ownership—Charge of Court—Possession.**

Animals on their accustomed range are in the possession of their owner within the terms of our theft statute, and such possession need not be manual, and there was no error in refusing a requested charge that mere assertion of ownership in the hogs on the range did not constitute possession.

88 Tex.—28

**3.—Same—Evidence—Convict—Too Remote in Trial.**

Upon trial of theft of hogs, there was no error in permitting the State's counsel to ask defendant when a witness on his own behalf if he had been to the penitentiary, unless it was known to the prosecutor that such matter was too remote, for which the testimony was afterwards withdrawn. ·

**4.—Same—Venue—Charge of Court—Requested Change.**

Where, the requested charge on venue was not correct, as a prosecution for theft may not necessarily be maintained in the county where the property was charged to have been taken, and the main charge was correct, there was no reversible error.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of accustomed range: Barnes v. State, 46 Texas Crim. Rep., 513.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Harrison County of the theft of four hogs, and his punishment fixed at two years confinement in the penitentiary. No brief appears for appellant.

From the record we find that when this case was called for trial appellant moved for a continuance because of the absence of three witnesses. No diligence was shown. The indictment was returned August 16th and the case was set for trial for August 23rd, and on that date postponed to August 24th. The first subpoenas for said absent witnesses were obtained on August 23rd. This was too late. The absent testimony was also cumulative. A number of witnesses testified on the trial to the facts stated in the application as expected from said absent witnesses. The action of the trial court in refusing the continuance was correct.

Appellant asked the trial court to charge the jury that the mere assertion of ownership in hogs on the range did not constitute possession. Said charge was misleading and uncalled for. Animals on their accustomed range are in the possession of their owner within the terms of our theft statute, and such possession need not be manual. In this case the State contended that the hogs in question belonged to a man named Thompson, and when taken they were on a certain range and bore a certain mark. The appellant claimed that the hogs were his and that they were on a different range and bore a different mark at the time he took them in his wagon to the town of Marshall and sold them. This was not a case of dispute over the possession of hogs admitted

by both the State and defense to be on the same range. The charge was properly refused.

We think it correct for the State to ask appellant, when a witness in his own behalf, if he had been to the penitentiary unless it was. known to the prosecutor that such matter was too remote. The objection made to this inquiry in the instant case was not based on the proposition that said matter was too remote, but was a general objection that said inquiry was prejudicial to the accused. The record shows however, that when said question was answered by appellant in the affirmative, the jury was withdrawn and in their absence it was ascertained that said imprisonment was in 1901; whereupon the court recalled the jury and instructed them not to consider said question and answer. In this condition of the record no error is presented. If the objection had been originally made upon the ground that said confinement in the penitentiary was too remote, thus informing the court before the evidence was admitted, a different question would be raised.

The special charge on venue requested was not correct, as a prosecution for theft may not necessarily be maintained in the county where property was *charged* to have been taken. The language of the charge as given in this record may be a bit blunt, but the principle is correctly stated. A prosecution for theft may be maintained in the county in which the property was originally taken, or into or thru which it may have been carried, and a statement of these facts is not an indication of the belief of the court that accused actually took said property and is not on the weight of the evidence.

This disposes of the contentions appearing in this record, and no reversible error being shown, the judgment of the trial court will be affirmed.

*Affirmed.*