**ARMSTRONG v. STATE.** (No. 6092.)

(Court of Criminal Appeals of Texas. Jan. 26, 1921.)

1. **Criminal law** ⊂═⊃598(6)—**Subpœnas, obtained on date set for trial too late as basis for continuance.**

Where an indictment returned August 16th was set for trial for August 23d, and postponed to August 24th, subpœnas for absent witnesses first obtained on August 23d were too late to authorize a continuance because of the absence of the witnesses.

2. **Criminal law** ⊂═⊃596(1)—**Where testimony of absent witnesses was cumulative, continuance properly denied.**

Where testimony of absent witnesses was cumulative,·a number of other witnesses testifying on the trial to the same facts, the refusal of a continuance was not error.

3. **Larceny** ⊂═⊃8—**Animals on accustomed range are in owner's possession.**

Animals on their accustomed range are in the possession of their owner within the terms of the theft statute, and such possession need not be manual.

4. **Larceny** ⊂═⊃73—**Charge that assertion of ownership of hogs on range did not constitute possession held properly refused.**

Where on a trial for theft of hogs the state contended they belonged to a certain man, and when taken·by defendant were on a certain range and bore a certain mark, while defendant claimed they were his hogs and were on a different range and bore a different mark at the time he took them and sold them, an instruction that the mere assertion of ownership of hogs on the range did not constitute possession was properly refused.

5. **Witnesses** ⊂═⊃337(5)—**Defendant may be asked if he has been in penitentiary unless prosecutor knows matter is too remote.**

When defendant testifies in his own behalf, the state may. ask him if he has been in the penitentiary, unless the prosecutor knows that such matter is too remote.

6. **Criminal law** ⊂═⊃1169(11)—**Where question asked defendant as to having been in penitentiary was struck out when remoteness appeared, there was no error.**

Where a question asked defendant by the state as to whether he had been in the penitentiary was not objected to on the ground that it was too remote, but on the ground that the inquiry was prejudicial to defendant and, after the question was answered, the jury was withdrawn, and it was ascertained that the imprisonment was in 1901, whereupon the court re-. called the jury and instructed them not to consider the question and answer, there was no error.

7. **Criminal law** ⊂═⊃112(7)—**Prosecution for theft may be maintained in county where property was stolen or into or through which it was carried.**

A prosecution for theft need not necessarily be maintained in the county where the property was charged to have been taken, but may be maintained in the county into or through which the property may have been carried.

8. **Criminal law** ⊂═⊃762(3)—**Instruction as to county in which prosecution for theft maintainable held not on weight of evidence.**

An instruction that a prosecution for theft may be maintained in the county in which the property was taken or into or through which it may have been carried is not an indication of the court's belief that accused actually took the property, and is not on the weight of· evidence.

Appeal ' from District Court, Harrison County ; P. O. Beard, Judge.

George Armstrong was convicted of theft, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Harrison county of the theft of four hogs, and his punishment fixed at two years' confinement in the penitentiary. No brief appears for appellant.

[1, 2] From the record we find that when this case was called for trial appellant moved for a continuance because of the absence of three witnesses. No diligence was shown. The indictment was returned August 16th, and the case was set for trial for August 23d, and on that date postponed to August 24th. The first subpœnas for said absent witnesses were obtained on August 23d. This was too late. The absent testimony was also cumulative. A number of witnesses testified on the trial to the facts stated in the application as expected from said absent witnesses. The action of the trial court in refusing the continuance was correct.

[3, 4] Appellant asked the trial court to charge the jury that the mere assertion of ownership in hogs on the range did not constitute possession. Said charge was misleading and uncalled for. Animals on their. accustomed range are in the possession of their owner within the terms of ,our theft statute, and such possession need not be manual. In this case the state contended that the hogs in question belonged to a man named Thompson, and when taken they were on a certain range and bore a certain mark. The appellant claimed that the hogs were his, and that they were on a different range and bore a different mark at the time he took them in his wagon to the town of Marshall and sold them. This was not a case of dispute over the possession of hogs admitted by both the state and defense to be on the same range. The charge was properly refused.

[5, 6] We think it correct for the state to ask appellant, when a witness in his own behalf, if he had been to the penitentiary, unless it was known to the prosecutor that such matter was too remote. The objection made to this inquiry in the instant case was

not based on the proposition that said matter was too remote, but was a general objection that said inquiry was prejudicial to the accused. The record shows, however, that when said question was answered by appellant in the affirmative, the jury was withdrawn, and in their absence it was ascertained that said imprisonment was in 1901; whereupon the court recalled the jury and instructed them not to consider said question and answer. In this condition of the record no error is presented. If the objection had been originally made upon the ground that said confinement in the penitentiary was too remote, thus informing the court before the evidence was admitted, a different question would be raised.

[7, 8] The special charge on venue requested was not correct, as a prosecution for theft may not necessarily be maintained in the county where property was charged to have been taken. The language of the charge as given in this record may be a bit blunt, but the principle is correctly stated. A prosecution for theft may be maintained in the county in which the property was originally taken, or into or through which it may have been carried, and a statement of these facts is not an indication of the belief of the court that accused actually took said property and is not on the weight of the evidence.

This disposes of the contentions appearing in this record, and, no reversible error being shown, the judgment of the trial court will be affirmed.