## Ben Mooney v. The State.

### No. 9183. Delivered June 3, 1925.

**Manufacturing Intoxicating Liquor—Continuance—Erroneously Refused.**

> Where on a trial for the unlawful manufacture of intoxicating liquor, the defense presented was that the liquor was being manufactured for medical purposes, it was error to refuse appellant's motion for a first continuance, on account of the absence of a physician by whom he could have shown that whisky had been prescribed for him by said physician on account of a tubercular condition, due diligence being shown to secure the attendance of said witness. Following Ellis v. State, 247 S. W. 509.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Seale & Deaman*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Nacogdoches County for the offense of unlawfully manufacturing, intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

There was no contradiction to the State's case to the effect that appellant was manufacturing intoxicating liquor, but it was the appellant's theory, and he testified to the effect that he was manufactoring it for medicinal purposes. He testified that he came of a tubercular family and that he was suffering from tuberculosis, and that he had been advised by his family physician and the physician of his father's family to use whiskey in moderation for his ailment.

When called upon for an announcement, appellant filed his first application for a continuance on account of the absence of the witness Dr. J. M. Rogers, who resided at Neches in Anderson County, Texas. The record discloses that the diligence used to procure the attendance of Dr. Rogers was unassailable and if further shows that the reason why he was not in attendance on the court was on account of the illness of his own son.

Appellant in his motion for a continuance alleged that he expected to prove by the witness Dr. Rogers that he had attended the father, sister and two brothers of defendant and that all the said parties died with consumption and that as the appellant's family physician, he had prescribed for him and had advised him to use and keep on hand intoxicating liquor to be used as a medicine for lung disease from which the appellant suffered. Attached to appellant's motion for a new trial is found the affidavit of the witness Dr. Rogers, and in this affidavit, he avers his willingness to testify in detail to the matters alleged in appellant's first application for a continuance. Among other things, the witness in his affidavit states that from his examination of the appellant, he is of the opinion that he is afflicted with lung trouble, and that knowing the history of the family, that he is suffering at the present time with weak lungs and that he had prescribed whiskey for him and had advised him to use whiskey in moderate quantities, believing that it would be beneficial to him in his weakened condition.

The identical question raised here was decided in accordance with appellant's contention in the case of Ellis v. State, 247 S. W. 509. In that case, Presiding Judge Morrow of this court said:

"In our judgment, the appellant had the right to prove that he was making the whiskey solely for medicinal purposes for his own use. The trial court seems to have taken this view and received the testimony and instructed the jury on this subject. Appellant however was entitled to support his own testimony by that of the physician under whose advices he was acting."

Appellant conformed to all the statutory requirements with reference to a first application for continuance, and the court erred

in refusing to grant his motion for new trial based on the error in overruling said first application.

Other assignments contained in the record may not arise on another trial and are not discussed. But for the error of the court in overruling appellant's first application for a continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.