## ALBERT KRENEK V. THE STATE.

No. 8989.   Delivered October 7, 1925.

Rehearing granted State November 11, 1925.

Rehearing denied appellant January 13, 1926.

Second rehearing granted appellant April 21, 1926.

### 1.—Manufacturing Intoxicating Liquor—New Trial—Improperly Refused.

Where, on a trial for manufacturing intoxicating liquor, appellant was granted a continuance on February 20, 1924, on account of the absence from the State of Dr. W. R. Newton, a resident citizen of Milam County, and thereafter on March 26, the case was again called, and appellant requested a postponement of his case until April 10, on account of said witness being still out of the state, it appearing on the hearing of the motion for a new trial that the testimony of this witness was material to the defense, a new trial should have been granted.  See Mooney v. State, 273 S. W. 257, and cases there cited.

#### ON REHEARING BY STATE.

### 2.—Same—Continuance—Properly Refused.

On rehearing by the state, our attention is called to an error in our original opinion in conceiving that process for the absent witness was issued on January 14th, 1924, three days after the case was set down for trial, when in fact such process was not issued until February 14th, 1924, and by reason thereof no proper diligence to secure the attendance of said witness was shown, and there was no error in refusing him a continuance and a new trial and the state's motion for a rehearing is granted, and the judgment affirmed.

#### ON REHEARING BY APPELLANT.

### 3.—Same—Continued.

On rehearing by appellant we find from the record that appellant was indicted on January 9th, 1924.  The case was set for trial on January 11th, 1924, for February 20th, 1924.  When called for trial on February 20th, it was continued on application of appellant to the 26th of March. The absent witness left the state on the 14th day of February.  Had appellant caused a subpœna to be issued for the witness at any time between January 11th and February 13th, the attendance of the witness could have been secured.  Failing to do so, no diligence is shown. and his second application for a postponement was properly refused. and his motion for rehearing overruled.  See Albertson v. State, 84 Tex. Crim. Rep. 574, and other cases.

#### SECOND REHEARING BY APPELLANT.

### 4.—Same—Continuance—Sufficient Diligence Shown.

The affirmance of this judgment was based upon our misapprehension that the absent witness, W. R. Newton, departed for Chicago on February

14th, 1924. We are now convinced that he departed on January 14th, 1924, instead of February 14th, 1924, and this being true, the diligence used by appellant was sufficient, and the postponement should have been granted and for the refusal of same, appellant's · second motion for rehearing is granted, and the judgment reversed and remanded.

Appeal from the. District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty twelve months in the penitentiary.

The opinion states the case.

*DeWitt Bowmer* and *W. W. Hair,* for appellant.

*A. J. Lewis,* County Attorney of Milam County, Sam D. *Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted, tried and convicted in the District Court of Milam County for the offense of unlawfully manufacturing intoxicating liquor, and his punishment assessed at twelve months confinement in the penitentiary.

This appeal is predicated upon bills of exceptions two, three and four. Appellant complains of the action of the trial court in refusing his application to postpone his trial for the testimony of Dr. W. R. Newton. The record discloses that Dr. Newton was resident citizen of Milam County, had been for many years, but was in Chicago temporarily taking lectures. That four of appellant's children were suffering with whooping cough, and that he consulted said witness, Dr. Newton, and was advised by him to get whiskey for them or that whiskey would be good for them and after some effort to buy whiskey in which he failed, he was making or attempting to make intoxicating liquor when the officers arrested him. The application for postponement, and contest by the state show that the indictment was filed January 9, 1924, and on January 11, following, the case was set for trial on February 20th, 1924, and by agreement between counsel for State and defendant, counsel for defendant was notified of the date for trial on 11th of January, 1924, and said counsel for defendant had subpoena issued for said witness, Dr. Newton, of January 14th, 1924, which was not executed because said witness on said date had left home for Chicago. When this case was called for trial on February 20th, 1924, a continuance was granted to defendant for the want of the testimony of said

witness, Newton. The case was called again for trial on March 26th and appellant made said application for a postponement of said trial to obtain the said testimony of said witness, Dr. Newton, which alleged from information of his wife that he was supposed to have returned a week prior to March 26th, 1924, and was expected now to return home about April 10, 1924, to which time appellant was seeking to have said trial postponed. The record further discloses that subsequent to the date of consulting Dr. Newton relative to obtaining whiskey, sometime thereafter Dr. Hubert was called to attend said children and prescribed whiskey for them. The State's contest to said postponement shows that the trial court in granting the first application for this witness admonished appellant's counsel to take his depositions, and we presume that the court refused to postpone same because of a failure to do so. The statute does not authorize the taking of depositions of resident witnesses temporarily out of the State. Vernon's C. C. P. Art. 818. In the case of Mooney v. State, 273 S. W. 257, and cases therein cited this court held that the appellant was entitled to the testimony of a physician to show he prescribed and advised whiskey for him. After a careful consideration of this bill we have concluded the postponement should have been granted, or a new trial awarded to appellant in view of the testimony adduced upon the trial of this case, showing the materiality of the testimony of Dr. Newton.

In bill of exception No. 3 complaint is made to the refusal of the court to instruct a verdict of acquittal. We are unable to agree to the contention made by counsel in this particular.

Appellant complains in bill four on account of the court refusing his motion to require the state to elect upon which of the two counts in the indictment it would rely for conviction. There is no merit in this contention, and there could not possibly be any error in this instace as the verdict was returned on the second count.

For the error above mentioned, we are forced to hold that this case should be reversed. Reversed and remanded.

　　　　　　　　　　　　　　　　*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BAKER, JUDGE.—The State has filed a motion for rehearing

in this case in which our attention is called to our statement in the original opinion wherein we stated that the subpoena for the absent witness, Dr. Newton, was issued "On January 14, 1924" when in truth and in fact no process was issued for said witness until February 14, 1924.  Upon further examination of the record, we find that we were in error in making said statement that said process was issued on January 14, 1924, and was mislead by the state's contest to said application for a continuation and the following paragraph, viz:

"The State further shows that said subpoena issued by the defendant for said absent witness on the 14th day of January, 1924, and mentioned in said application has been corrected by the Sheriff and shows that said witness was not summoned for the reason that at said time he was not in said Milam County, Texas."

This part of said record evidently was an error as we find in different places of the record where it is stated that said process for said witness was not issued until February 14, 1924, and hence we were in error in our former opinion in holding the appellant was diligent in seeking to obtain said testimony of said witness and basing our contention in said opinion upon the assumption that there were only three days intervening from the date that the appellant was notified of the setting of the case to-wit, January 11 to January 14, before applying for process, when in truth and in fact the record discloses about 33 days before process was requested or issued and this being true, in our judgment would show no diligence upon the part of the appellant to secure service on said witness.  The record further discloses that the witness left Cameron, his home, for Chicago, Ill., on the day the process seems to have been issued.  The trial court however, granted the first continuance made for this witness and stated to the attorneys representing the appellant that they could take the deposition of said witness and have same ready when the case was called for trial again, if there was any question about his being present.  This statement appears to have been made in the presence of the county attorney representing the State and no objection was urged thereto.  As stated, in our former opinion there is no law authorizing the taking of depositions of a resident citizen when temporarily absent but in view of the statement of the court, we take it that if an effort had been made to take said depositions, accompanied with proper diligence and the State had interposed an objection thereto, on the grounds that there was no law provided for such

action, the court would in all probability have permitted the introduction of the depositions or granted a postponement to obtain said testimony of said witness. In any event, the appellant would have been in much better position to have sought a postponement under such circumstances. However, under the record as presented, there is no diligence in the first instance to have said witness subpoenaed, which could have been secured by ordinary effort upon the part of appellant, and no diligence shown after the case was continued the first time to secure the deposition of said witness, and we are forced to the conclusion that there is no reversible error shown in the action of the court in overruling the second application of the appellant for said testimony. Boxley v. State, 273 S. W., 589.

Therefore, the State's motion for rehearing is granted, the judgment reversing and remanding this case is set aside and the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—As we understand the record, appellant was indicted on January 9, 1924, and his case set for trial February 20th. Of this he became aware on January 11th. When the case was called on February 20th, it was, upon his application because of the absence of the witness, Dr. W. R. Newton, continued and reset for the 26th of March. It appears from the record that Dr. Newton was a resident physician of the county; that he had not been subpoenaed; that he was temporarily absent from the county, in the city of Chicago, to which point he had started on the 14th day of February. When the case was called on the 26th of March, appellant presented a second application for a continuance on account of the absence of Dr. Newton. This was overruled. Had a subpoena been issued at any time between the 11th day of January and the 13th day of February, it would have been in the hands of the sheriff at a time when Dr. Newton was in the county and might have been served. At the time the application to continue was made on the 20th day of February, the court would have been justified in overruling it for lack of diligence. The delay of more than a month in applying for process, in the absence of

sufficient explanation, was not diligence. See Albertson v. State, 84 Texas Crim. Rep., 574; Morse v. State, 85 Texas Crim. Rep., 83; Davidson v. State, 86 Texas Crim. Rep., 243; Armstrong v. State, 227 S. W. Rep., 485. The granting of it was an act of grace rather than one of right. It further appears from the record that there was a suggestion made at the time that the deposition of Dr. Newton be taken. At the time the second application was made on the 26th of March, no step had been taken to secure the written testimony of Dr. Newton. It is true that if his deposition had been taken, it might have been quashed on motion because he was only temporarily absent from the county, and the taking of his deposition was not a matter of right. If his testimony had been produced in writing, however, and the court had refused to receive it, or had quashed the deposition, the matter would come in a different light. That in refusing to grant the second application for a continuance the trial court did not abuse the discretion which the law vested in him seems clear.

The motion is overruled.                              *Overruled.*

### ON SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The affirmance of the judgment was based upon the theory that the witness, W. R. Newton, departed for Chicago on the 14th of February. We have been convinced from the record that the date of his departure was the 14th of January and taking into account the other facts in the record, the diligence to secure his attendance was such as entitled the appellant to a postponement or continuation in order to secure the testimony of the witness, Newton.

The second motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*