TRON FORD V. THE STATE.

No. 22103. Delivered May 20, 1942.
Rehearing Denied June 17, 1942.

The opinion states the case.

*R. H. Cocke,* of Wellington, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of rape of a female under the age of fifteen years. The punishment assessed is confinement in the State penitentiary for a term of five years.

The State's testimony, briefly stated, shows that on the evening of October 2, 1941, J. T. Young, Russell Ford and appellant, at the invitation of Norma Joyce Wilkerson, Tressie Mae Castleman and Ona Mae Gentry, went to the Arnett school house in the State of Oklahoma, where an entertainment was in progress, for the purpose of carrying the girls home at the conclusion thereof. The three young men went to the school house in the appellant's car. Upon their arrival at Arnett, the three girls got into the car with the young men and they drove

to the school house at Dodson in Collingsworth County, where appellant and Ona Mae Gentry got out of the car, went to the front hall of the building and there engaged in the act of sexual intercourse. Ona Mae Gentry was fourteen years of age at the time. She made no report of the incident until about a month later and a day or two after appellant had married another girl.

Appellant took the witness stand in his own behalf and denied that he went to the school house at Dodson with the prosecutrix on the night in question. He also denied that he had sexual intercourse with her.

Russell Ford and J. T. Young also testified in behalf of the appellant and denied that they went to the school house at Dodson on the night in question. The three men contended that they remained in the State of Oklahoma and at no time on the night in question were they in the State of Texas with the three girls.

Norma Joyce Wilkerson testified for the State, and her testimony was similar in every respect to that of Ona Mae Gentry except as to the act of intercourse.

The only question presented to this court for review relates to the action of the trial court in overruling appellant's application for a continuance based upon the absence of Milo Brown and Tressie Mae Castleman. The record shows that the grand jury returned the indictment against appellant on the 19th of November, and the case was set for trial on the 2nd day of December, at which time it was postponed until the 4th day of that month, when appellant made an application for a continuance by reason of the absence of the two parties above mentioned. It appears from the record that on the 21st day of November the State had process issued to Collingsworth County for Milo Brown, which was returned on the 28th of that month not served; that on November 27th appellant made application for process to be issued to the same county for Milo Brown and it was also returned by the sheriff, who stated in his return that the witness could not be found in the county. Appellant averred in his application that he expected to prove by the witness, Milo Brown, that on the night of October 2, 1941, he (the witness), Tressie May Castleman, J. T. Young, Russell Ford, Norma Joyce Wilkerson, Ona Mae Gentry and

the defendant went in the latter's automobile from the Arnett school house in the State of Oklahoma to Fred Boyet's watermelon patch in the County of Harmon in said state, where the defendant remained asleep in his car while the other parties mentioned entered the water-melon patch and remained there for approximately one hour; that when they returned to the car appellant was still asleep; that from there they took Tressie Mae Castleman to her home and Norma Joyce Wilkerson and Ona Mae Gentry to the Gentry home; that the three men then returned to their respective homes in Dodson, Texas; that at no time did they go to the school house in Dodson with the girls in question. Appellant further averred that the witness, Tressie Mae Castleman, resided in Harmon County, Oklahoma; that the father of the witness would not permit her to come to Texas to testify in the case; that on the 2nd day of December he propounded interrogatories to the witness, filed the same and caused notice to be served on the District Attorney; that the testimony of said witness was material to his defense in this, that said witness, if present, would have testified that she was in company with the parties named at the time in question; that at no time did any of them come into the State of Texas; that defendant did not have carnal knowledge of Ona Mae Gentry on said night. The State contested the application on the ground of want of diligence on the part of the appellant to secure the testimony of said witness.

Appellant made no effort to avail himself of the means provided by law to obtain the testimony of Miss Castleman until the day of the trial, when he, for the first time, filed interrogatories and had notice thereof served on the District Attorney. Had he pursued this course immediately after he was arrested, he might have obtained her deposition in time.

With reference to Milo Brown, it is not shown when he left Collingsworth County, where he went to or where he might be located other than that he came to Texas from the State of Missouri, in the fall of 1941, to pick cotton.

It occurs to us that the court's action in overruling the application for a continuance fails to reflect any reversible error. In 9 Tex. Jur. p. 707, sec. 41, it is said:

"Where an effort to take the deposition of a witness is relied upon as diligence, the effort must have been made within a reasonable period before trial, and in time to procure the

answers of the witness to the interrogatories. Sufficient diligence is held not to be shown where it appears that no attempt was made to take the deposition of the witness until the day of the trial."

See also Armstrong v. State, 88 Tex. Cr. R. 433; Wyatt v. State, 80 Tex. Cr. R. 281; Bradford v. State, 95 Tex. Cr. R. 490.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again reurges the errors complained of in the original submission herein.

We think this case was correctly decided in our original opinion, and the motion is therefore overruled.