TOM HUTTON V. THE STATE.

No. 22316. Delivered December 2, 1942.

The opinion states the case.

*J. M. Parker,* of Comanche, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile upon a public highway while intoxicated. The punishment assessed is confinement in the county jail for a period of sixty days and a fine of $200.00.

Appellant presents two questions for our consideration. The first relates to the jurisdiction of the District Court to try him on an indictment charging him with a misdemeanor; and the second relates to the court's action in overruling his motion for a continuance. We shall discuss each of the questions in the order in which they are presented.

It appears from the record that on the 16th day of May, 1941, the grand jury returned an indictment against appellant charging him with the offense of driving an automobile upon a public highway in Comanche County while he was drunk. When the case was called for trial appellant, by a motion duly filed, challenged the jurisdiction of the District Court to try him for such offense. It is made to appear from the record that by his motion appellant directed the court's attention to the fact that the 47th Legislature (Regular Session) by Chapter 507, amended Article 802 of the Penal Code, making the first offense against the statute a misdemeanor. The court over-

ruled his motion to which appellant then and there excepted. If the County Court of Comanche County had jurisdiction of the offense then the trial judge should have transferred the case to the County Court, but, in our opinion, the County Court of Comanche County did not have jurisdiction inasmuch as the highest penalty that could be imposed under the law exceeded the sum of $200.00. Section 16 of Article 5 of the State Constitution, among other things, provides:

"The County Court shall not have criminal jurisdiction in any county where there is a Criminal District Court, unless expressly conferred by law, and in such counties appeals from Justices Courts and other inferior courts and tribunals in criminal cases shall be to the Criminal District Court, under such regulations as may be prescribed by law; and in all such cases an appeal shall lie from such District Court to the Court of Criminal Appeals."

In 1879, the Legislature of Texas, by an Act known as Chapter 26, diminished the civil and criminal jurisdiction of the County Courts of Comanche and other counties mentioned, giving them general jurisdiction of probate courts, and conferring upon the district courts of said counties jurisdiction in all matters and causes over which, by the general laws of the State, the county courts of said counties had jurisdiction.

In 1883, the Legislature, by Chapter 66, restored limited jurisdiction to the county courts of Comanche and other counties, giving the county courts of those counties exclusive original jurisdiction of all misdemeanors, except misdemeanors involving official misconduct, and except cases in which the highest penalty of fine that may be imposed under the law may not exceed two hundred dollars; and said courts shall also have appellate jurisdiction in criminal cases of which justices of the peace and other inferior tribunals of said counties have original jurisdiction.

Article 802 of the Penal Code of the State of Texas, as amended by Chapter 507, Acts of the 47th Legislature, Regular Session, (1941), provides as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated

or under the influence of intoxicating liquor, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more han Five Hundred Dollars ($500), or by both such fine and imprisonment."

It will be noted from the foregoing provision that the penalty prescribed by Article 802, P. C., is not less than ten days nor more than two years' confinement in jail or by a fine of not less than $50.00 nor more than $500.00, or by both such fine and imprisonment. Consequently, the County Court of Comanche County had no jurisdiction of the case. Hence the trial court's action in overruling appellant's motion was proper.

Appellant's application for a continuance appears to be wholly deficient in that it fails to show that he exercised reasonable diligence in his efforts to procure the presence of the desired witnesses. The indictment in this case was returned into the District Court on the 16th day of May, 1941, and the case was called for trial on the 20th day of May, 1942. No process for the desired witnesses was applied for until the day of the trial. In his motion for a continuance appellant states that "application for subpoena has been made for the attendance of said witnesses." Under the circumstances disclosed by the application, the court was justified in overruling the same. See Ford v. State, 162 S. W. (2d) 719; Hart v. State, 138 S. W. (2d) 818.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.