**Terry NUNN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–019–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 9, 1981.

---

**8.** Of course, the seizure of the firearm itself may not be considered a corroborating element of the credibility of the information received. *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963).

John K. Narsutis, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Bruce F. Baxter, Asst. Dist. Atty., Denton, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of burglary of a building. Punishment was assessed by the jury at seven years and appellant has brought this appeal.

We affirm.

On the night of November 19, 1977, between 9:00 P.M. and 10:00 P.M., officers of the Denton police and fire departments responded to a burglar alarm from Sutton's Jewelry Store in Denton. The store was closed at the time. Upon arrival, police officers observed one person in the store. Using a ladder supplied by the fire department, police officers climbed to the roof of the store. There they found Danny Cadell hiding behind an air conditioning cooling tower and immediately placed him under arrest. The cooling tower had been displaced leaving a small passageway through the air conditioning duct into the building. A rope ladder had been tied to a beam in the ceiling and extended down into the store. Appellant was found hiding on the roof of another store in the same block of stores as Sutton's, all of which are connected by rooftop. At the time of arrest, appellant had in his pocket a coal chisel and a pair of socks. Other burglar's tools were found by the air conditioning tower.

By his first ground of error, appellant argues that his motion for instructed verdict should have been granted because the State failed to prove beyond a reasonable doubt that the building in question was not "open to the public" as charged in the indictment. We disagree.

Mr. Sutton, the owner of the store, testified that the store was regularly open to the public from 9:00 A.M. to 5:30 P.M. Appellant contends that this uncontroverted testimony defeats the State's prosecution because it is in direct conflict with the indictment. Appellant stresses that the indictment should have tracked the language of the statute, which states: "(a) A person commits an offense if, without the effective consent of the owner, he: (1) enters a habitation, or a building (or any portion of a building) not *then* open to the public, with intent to commit a felony or theft; or . . . ." V.T.C.A. Penal Code, § 30.02(a)(1), (1974), (Emphasis supplied.)

The mere omission of the word "then" from the indictment does not render it fatally defective. *Arch v. State*, 526 S.W.2d 817 (Tex.Cr.App.1975). It was undisputed at trial that the offense occurred when the store was not open to the public. The indictment and the corresponding proof in support thereof were sufficient to withstand appellant's motion for instructed verdict. There was no error in overruling appellant's motion for instructed verdict. The first ground of error is overruled.

In a related ground of error (number five), appellant contends that the trial court erred in overruling his objection to the court's charge because it was at variance with the indictment. The trial court's charge to the jury included the phrase "not then open to the public", as opposed to the phrase stated in the indictment, "not open to the public." We find this slight variance immaterial. The indictment was sufficient to apprise the appellant of the charge against him, the proof was ample, and the charge did not change the theory of conviction presented by the indictment. See *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App. 1976). We overrule this ground of error.

Appellant cites as error the trial court's refusal to allow a character witness to testify because she had been present during the trial in violation of the rule. "Although the court in its discretion may relax the rule as to character witnesses, . . .

it is not error for the court to refuse to allow such witnesses to testify when they have violated the rule." *Beecham v. State,* 580 S.W.2d 588, 591 (Tex.Cr.App.1979); *Jackson v. State,* 136 Tex.Cr.R. 574, 126 S.W.2d 965 (1939). We find no abuse of discretion by the trial court. This ground of error (number two) is overruled.

Grounds of error three and four challenge the sufficiency of the evidence, excluding every other reasonable hypothesis, that the appellant entered the building and that he had the intent to commit theft. The appellant is guilty, as a principal, of the offense of burglary if he aided or encouraged the commission of the offense, although he did not enter the building. V.T. C.A. Penal Code, § 7.01 and § 7.02(a)(2), (1974). One's mere presence at the scene of the offense is not in and of itself sufficient to support conviction under § 7.02(a)(2), however, it is a factor tending to prove guilt which, when considered with other evidence may be sufficient to support the conviction. *Ashabranner v. State,* 557 S.W.2d 774 (Tex.Cr.App.1977). We conclude that the evidence was sufficient to support the requisite finding of intent and participation and grounds of error three and four are overruled.

Appellant's sixth ground of error challenges the sufficiency of the indictment in that it failed to allege that the appellant committed the acts made the basis of the prosecution. The indictment on its face names appellant as one of the persons charged with the offense of burglary of a building. The indictment is adequate on its face. This ground of error is overruled.

Appellant next complains that the trial court erred in overruling his objection to the court's charge whereby he urged that the order of the charge placed secondary significance on the State's burden of proof. We cannot accept this interpretation of the charge. The charge instructed the jury as to appellant's rights and the State's burden of proof. No error has been shown with regard to the order in which the instructions were given. Ground of error number seven is overruled.

Finally, appellant contends by ground of error number eight that the order accumulating or "stacking" the sentence in this case, with the sentences received by appellant in prior convictions was void. The Court of Criminal Appeals has recommended that orders of cumulation contain:

" '(1) the trial number of the prior conviction;

" '(2) the correct name of the court where the prior conviction was taken;

" '(3) the date of the prior conviction;

" '(4) the term of years of the prior conviction;

" '(5) the nature of the prior conviction.' "

*Young v. State,* 579 S.W.2d 10 (Tex.Cr.App. 1979); *Ward v. State,* 523 S.W.2d 681, 682 (Tex.Cr.App.1975). It has been held that where two of these recommended requirements are present, the order is valid. *Ex Parte March,* 423 S.W.2d 916 (Tex.Cr.App. 1968); *Ex Parte Lewis,* 414 S.W.2d 682 (Tex.Cr.App.1967).

In the instant case, the State's motion for cumulation of the prior sentences contained all five of the requirements listed above. On the same page and directly beneath the motion was the cumulation order which granted the preceding motion. The order itself contained no details of the prior convictions, but stated in part: "[P]unishment in the instant case shall begin when the Judgment and Sentence in the prior convictions noted above have ceased to operate." Taken as a whole, the motion and the order comply with all of the requirements previously discussed. Additionally, the written sentence provides: "[S]aid punishment to begin when the judgments and sentences in cause no. 11262 and 11494, both styled 'The State of Texas vs. Terry Arnold Nunn' entered by the judge of the Criminal District Court # 3 of Tarrant County, Texas have ceased to operate." This language contained two of the requirements listed above, namely: (1) the cause numbers of the prior convictions; and (2) the correct name of the court where the prior convictions were taken. This would be sufficient under *Ex Parte March, supra,* and *Ex Parte*

*Lewis, supra.* We find the sentencing and cumulation instruments sufficient to apprise the Texas Department of Corrections of the terms of the sentences to be stacked. Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.