**Warren COSPER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–81–00237–CR.**

Court of Appeals of Texas,
San Antonio.

July 13, 1983.

Robert Lyon and Jeff Smith, Lyon & Smith, Mesquite, for appellant.

Thomas F. Lee, Dist. Atty., Val Verde County, Del Rio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for engaging in organized criminal activity. Tex.Penal Code Ann. § 71.02 (Vernon Supp. 1982–1983). The jury found appellant guilty and also assessed the punishment at five (5) years' confinement plus a $2,000.00 fine.

This Court previously reversed appellant's conviction, finding that the court's charge to the jury was fundamentally defective because it failed to require the jury to find all of the elements of the offense charged. *Cosper v. State,* 646 S.W.2d 676 (Tex.App.—San Antonio 1983). Discretionary review was granted, and we now ad-dress appellant's other grounds of error pursuant to the instructions on remand. *See Cosper v. State,* 650 S.W.2d 839 (Tex. Cr.App.1983) (not yet reported).

The sufficiency of the evidence issues are raised in grounds of error numbers two, five and seven, which will be discussed jointly. Appellant specifically contends that there is insufficient evidence to establish that the theft occurred in Val Verde County, that John Benge was the owner of the stolen truck, and that the value of the truck was between $200 and $10,000 on the date of the theft. In reviewing a question on the sufficiency of the evidence, we are guided by the standard of review pronounced in *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Cr.App.1974), viz: "it is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused." In *Combs v. State,* 643 S.W.2d 709, 716 (Tex.Cr.App.1982), the Court resolved all questions on the difference between sufficiency of the evidence grounds of error in criminal cases and points of error in civil cases, stating:

> Sufficiency of the evidence as determined by this Court is a question of law. It is irrelevant whether we as a court believe the evidence, or believe that defense evidence 'outweighs' the State's evidence. If there is any evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds.

T.D. Jones, an undercover narcotics investigator for the Department of Public Safety, testified that the truck in question was located at appellant's residence in Del Rio and that all of the transactions occurred in

Val Verde County on February 12th and 13th, 1980. Jones further testified that the truck was sold to him, that appellant indicated he would receive $900.00 from the proceeds, and that appellant placed the license plates on the truck. James Benge testified he was the manager for the company that leased the truck, that he had complete control and custody of the vehicle, and that he alone determined its location and use. He further testified that the value of the truck on February 13, 1980, was between $7,000 and $8,000.

■ A theft offender can be prosecuted in the county where he is found with the stolen property. Tex.Code Cirm.Proc. Ann. art. 13.08 (Vernon 1977). *See also Armstrong v. State,* 88 Tex.Cr. 433, 227 S.W. 485, 486 (1921). Knowledge that property is stolen can be shown by circumstantial evidence. *Chudleigh v. State,* 540 S.W.2d 314, 317 (Tex.Cr.App.1976). A presumption of guilt of theft sufficient to sustain a conviction may arise from a defendant's possession of recently stolen property; however, the possession must be personal, recent, unexplained, and involve a conscious assertion of right to the property. *Todd v. State,* 601 S.W.2d 718, 720 (Tex.Cr.App. 1980). A jury is not required to accept a defendant's explanation as to the possession of recently stolen property. *Prodan v. State,* 574 S.W.2d 100, 103 (Tex.Cr.App. 1978) In a theft prosecution case the State may prove ownership by showing that the individual claiming ownership had title, possession or greater right to possession than the defendant. *McGee v. State,* 572 S.W.2d 723, 724–25 (Tex.Cr.App.1978); Tex.Penal Code Ann. § 1.07(a)(24) (Vernon 1974). In *McCrory v. State,* 627 S.W.2d 762, 763 (Tex. App.—Houston [1st Dist.] 1981, no pet.), where the complainant testified as to the fair market value of a stolen vehicle, the court stated that the defendant had waived any complaint on the proof of value by failing to object to the qualifications of the witness. In applying the law to the facts in this record we find *Banks,* and *Combs, supra,* controlling. We have reviewed the evidence in the light most favorable to the jury verdict and find sufficient evidence to establish beyond a reasonable doubt that appellant possessed a stolen vehicle in Val Verde County on or about February 13, 1980, that James Benge was the owner thereof and that the value in Val Verde County was between $200 and $10,000. Accordingly, grounds of error numbers two, five and seven are overruled.

■ Appellant's grounds of error eight and nine raise an issue of no evidence and insufficient evidence to prove that five (5) or more persons collaborated to carry on criminal activities in committing theft. Section 71.02(a)(1) *supra,* Engaging in Organized Criminal Activity, provides as follows:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault or forgery.

A combination means five or more persons who collaborate in carrying on criminal activities. Tex.Penal Code Ann. § 71.01 (Vernon Supp.1982–83). We find in this record direct and circumstantial evidence connecting appellant and co-defendants Robert Harris and Gary (last name unknown) with the offense charged. We are not persuaded, however, that there is sufficient evidence to establish beyond a reasonable doubt that Lee Wright and Mike (last name unknown) participated in a combination to commit or conspire to commit theft. Jones testified that Lee, appellant's brother, rented the house and paid some of the utilities; that Mike told him where to put gas in the truck and that appellant, Gary, Mike, and Lee were all standing in the kitchen when Jones asked appellant if he was ready to make the deal, and further stated, "Please don't say anything about this." The fact remains that thereafter, Jones went into the bedroom with appellant and Gary and gave them $2,750.00, the agreed purchase price for the stolen truck, and that Mike

and Lee were not present. There is no evidence that Mike or Lee were privy to or present during the discussion of illegal activity. Consequently, there is no evidence that five or more persons collaborated in committing theft. *See Humphrey v. State,* 626 S.W.2d 816 (Tex.App.—Corpus Christi 1981, no pet.). Mere presence at the scene of an offense is not in and of itself sufficient to support a finding of guilt. *Nunn v. State,* 625 S.W.2d 790, 793 (Tex.App.—Fort Worth 1981, no pet.). In viewing this evidence in the light most favorable to the jury verdict we find that such evidence is insufficient to establish beyond a reasonable doubt that five or more persons collaborated in a combination or in the profits of a combination to commit theft. Grounds of error numbers eight and nine are sustained.

■ The issue raised through ground of error number four consists of an alleged fatal variance between the indictment and the proof, which appellant claims failed to establish beyond a reasonable doubt that James Benge was the owner of the stolen truck. We have previously discussed this question in reviewing the sufficiency of the evidence issue. The allegation of ownership of the stolen vehicle can be proved by showing that the complainant had title, possession or greater right to possession than appellant. *See McGee v. State, supra.* There is sufficient evidence to prove beyond a reasonable doubt that James Benge had control and possession of the vehicle at the time it was stolen. Ground of error four is overruled.

■ Ground of error number six concerns the assertion of a fatal variance between the indictment, which states that the value of the stolen truck was more than $200 and less than $10,000. There is direct evidence establishing that the value of the stolen truck on February 13, 1980 was between $7,000 and $8,000. This evidence was not controverted and appellant did not object to the qualifications of the witness who testified about the value of the stolen truck. *See McCrory v. State, supra.* Accordingly, ground of error number four is without merit and is overruled.

■ Lastly, we address appellant's ground of error number three complaining of trial court error in overruling the motion to quash the indictment due to lack of notice. Appellant specifically contends the indictment fails to give notice as to the method of appropriation of the truck and that he was not informed as to which of the alleged collaborators had committed the theft. A defendant is entitled to notice of the specific accusation against him so that he can prepare his defenses, and generally a motion to quash the indictment will be granted if the facts sought are essential to giving notice. *See Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977); Tex.Code Crim. Proc.Ann. art. 21.12 (Vernon 1966); Tex. Const. art. I, § 10.

■ In *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Cr.App.1981) the Court reviewed a question on the failure of the indictment to allege how the controlled substance was delivered, stating:

[I]t is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish.

Appellant argues that Tex.Penal Code Ann. § 31.01(5) (Vernon Supp.1982–83) provides six (6) alternative ways to "appropriate" property and that the indictment fails to specify or give notice as to the method of appropriation. Appellant herein is charged with engaging in organized criminal activity for the purpose of committing theft. The conspiracy to commit a crime and the commission of the substantive offense which is the object of the conspiracy are separate and distinct offenses. The indictment charging a conspiracy to commit a felony need not allege the offense intended with the particularity necessary in an indictment charging the commission of the intended offense. *Farrington v. State,* 489 S.W.2d 607, 609 (Tex.Cr.App.1972). In *McCann v. State,* 606 S.W.2d 897, 898 (Tex.

Cr.App.1980) the Court held that the commission of the substantive offense is not an essential element of the conspiracy charged. The rules set out in *Farrington,* and *McCann supra,* remain undisturbed, hence, it was not necessary for the indictment to specify the method of appropriation. Ground of error number three is overruled.

The judgment is reversed and appellant is ordered discharged. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).